# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | |
|---|---|
| MONTGOMERY COUNTY, MARYLAND, on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> FEDERAL NATIONAL MORTGAGE ASSOCIATION, a corporation; FEDERAL HOME LOAN MORTGAGE CORPORATION, a corporation; FEDERAL HOUSING FINANCE AGENCY, a federal agency, as conservator for FEDERAL NATIONAL MORTGAGE ASSOCIATION and FEDERAL HOME LOAN MORTGAGE CORPORATION, <br><br> Defendants. | CIVIL ACTION FILE NO. <br><br> _____ <br><br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

NOW COMES Plaintiff Montgomery County, Maryland, for itself and on behalf of all Maryland counties and their tax collectors, Clerks of Court, or other officers authorized and obligated to collect the subject taxes ("Plaintiffs"), and complain of Defendants as follows:

## PARTIES

1.

Plaintiff Montgomery County is a duly organized corporate body of the State

{04106773.DOCX}

of Maryland, and is fully authorized and empowered to bring this action pursuant to Md. Ann. Code Art. 25A, § 1, which provides that the county "may sue and be sued," in addition to Md. Code Ann. § 14-865(a)(2), which provides for "the attorney for the county or municipal corporation to institute an action against the person responsible for the tax." Montgomery County's Director of the Department of Finance is the county official designated to collect certain of the taxes which are the subject of this action; the Clerk of Court in Montgomery County is the official designated to collect other of the taxes which are the subject of this action.

2.

Defendant Federal National Mortgage Association ("Fannie Mae") is a private, for-profit, corporation with its principal place of business in Washington, D.C.

3.

Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") is a private, for-profit corporation with its principal place of business in McLean, Virginia.

4.

Defendant Federal Housing Finance Agency ("FHFA") is an agency of the United States with its principal place of business in Washington, D.C.

## JURISDICTION AND VENUE

5.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

6.

This Court also has jurisdiction over this action under 12 U.S.C. § 1452(f)(2) ("all civil actions to which the [Freddie Mac] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value").

7.

Plaintiff Montgomery County is located in this judicial district.

8.

Defendants do business in this judicial district.

9.

Plaintiffs' claims arise out of Defendants' activities in this judicial district.

10.

Venue is proper in this district.

## CLASS ACTION ALLEGATIONS

11.

Plaintiff Montgomery County brings this action on its own behalf and, pursuant to Federal Rule of Civil Procedure 23, on behalf of a class of persons defined as any Maryland county and its designated county collector, if any, and county Clerk of Court, where recordation taxes and transfer taxes are imposed under Md. Code Ann., Tax-Prop. §§ 12-101, 13-201, -202, -203, -401, -402, -404 and -502, and, if applicable, where that county has imposed a county specific transfer tax, such as Montgomery County Code §§ 52-19 *et seq* (collectively "Maryland Transfer Taxes"), and where Defendants Fannie Mae and/or Freddie Mac have been party to any transaction, deed, instrument, or other writing by which title to, or an interest in, any lands, tenements, or other realty is transferred, and where Defendants Fannie Mae and/or Freddie Mac have not paid and/or claimed they are exempt from paying all or any part of the Maryland Transfer Taxes.

12.

The total number of class members is believed to include 18 Maryland counties and their 18 respective designated and authorized county collectors and 18 Clerks of Court.

13.

The members of the class are so numerous that joinder of all members is impracticable.

14.

The questions of law and fact common to the class include (a) whether Defendants Fannie Mae and Freddie Mac qualify for the exemptions they claim from the Maryland Transfer Taxes; (b) whether the real property exception to the claimed exemptions is applicable; and (c) whether the claimed exemptions are an unconstitutional burden on the right of state and local governments to tax private corporations.

15.

The claims of Plaintiffs and the absent class members have a common origin and share a common basis.

16.

Plaintiffs' claims and the claims of the absent class members originate from the same practice by Defendants Fannie Mae and Freddie Mac, and Defendants act in the same way toward Plaintiffs and the members of the class.

17.

Plaintiffs and each class member have been the victims of Defendants' actions.

18.

Plaintiffs' claims are typical of the claims of absent class members.

19.

If brought individually, the claim of each class member would necessarily require proof of the same material and substantive facts and seek the same remedies as Plaintiffs' claim.

20.

Plaintiffs are willing and prepared to serve the Court and the proposed class in a representative capacity.

21.

Plaintiffs will fairly and adequately protect the interest of the class and have no interest adverse to, or which directly and irrevocably conflicts with, the interests of other members of the class.

22.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual claims by the class members are impractical as the costs of prosecution may exceed what any class member has at stake.

23.

To the extent there is a separate action already filed by a class member, members may opt out of this class action and pursue their separate claims, as may any class member who so chooses to opt out after receiving notice.

## PLAINTIFFS' CLAIMS

24.

Under Md. Code Ann., Tax-Prop. §§ 12-101, 13-201, -202, -203, -402, -404 and -502, recordation and transfer taxes are imposed upon written instruments that convey title to, or an interest in, real property in Maryland.  In addition, under §13-402.1 certain counties impose their own transfer taxes such as Montgomery County, Local Laws §§ 52-20 and 50-21.  Certain counties are further empowered to collect transfer taxes on improved nonresidential property, unimproved property, land assessed as farmland, rezoned property, condominium property, cooperative housing, nonresidential leasehold interest in real property. These taxes are referred to collectively herein as the "Maryland Transfer Taxes".

25.

Defendants Fannie Mae and Freddie Mac have been party to written instruments that convey title to, or an interest in, real property in Maryland, and in

Montgomery County, and in the jurisdictions of each member of the putative class, but have not paid the Maryland Transfer Taxes.

26.

Under the statutes and local laws comprising the Maryland Transfer Taxes, Fannie Mae and Freddie Mac were required to pay Maryland Transfer Taxes in conjunction with written instruments that convey title to, or an interest in, real property whether or not they recorded the deeds or other instruments evidencing the transactions.

## **NO FEDERAL OR STATE EXEMPTION IS APPLICABLE**

27.

Defendants Fannie Mae and Freddie Mac have not paid the Maryland Transfer Taxes because they have claimed erroneously on the face of the documents they have recorded, or caused to be recorded, that the transaction is exempt from the Maryland Transfer Taxes on several grounds, none of which apply to the transactions at issue. An example of a deed recorded by or on behalf of Defendant Fannie Mae is attached as Exhibit A.

28.

Defendants sometimes claim the transaction is exempt because they are governmental entities or agencies and that, under Maryland law, governmental agencies or entities are exempt from paying the tax. However, that state law

exemption from the Maryland Transfer Taxes is inapplicable because Fannie and Freddie are no longer governmental entities or federal instrumentalities. Defendants Fannie Mae and Freddie Mac have both been federally chartered, private stock, publically traded corporations since at least March 31, 2003, and are presently listed for trading as Freddie Mac (OTC: FMCC) and Fannie Mae (common stock) (OTC BB: FNMA), and are not and have not been agencies, departments or instrumentalities of the United States for any time applicable to the claims made in this action. Therefore Defendants' claims of exemption under Maryland law are false and fail.

29.

Other times Defendants claim they are exempt pursuant to federal law. Specifically, Fannie and Freddie claim to be exempt under the general exemption language contained in their federal charters, 12 U.S.C. §1723a(c)(2) and 12 U.S.C. § 1452(e), respectively.[1] In fact, neither claimed exemption statute shields

---

[1] Fannie Mae's charter reads, in pertinent part: "The corporation, including its franchise, capital, reserves, surplus, mortgages or other security holdings, and income, shall be exempt from all taxation now or hereafter imposed by any State, territory, possession, Commonwealth, or dependency of the United States, or by the District of Columbia, or by any county, municipality, or local taxing authority, except that any real property of the corporation shall be subject to State, territorial, county, municipal, or local taxation to the same extent as other real property is taxed." 12 U.S.C. § 1723a(c)(2).

Defendants from the obligation to pay the Maryland Transfer Taxes because, under the clear Supreme Court mandate contained in *United States v. Wells Fargo*, 485 U.S. 351 (1988), the "all taxation" language contained in the federal exemption statutes does not comprise excise taxes such as the Maryland Transfer Taxes, as a matter of law.

Alternatively, the plain language of the federal exemption statutes expressly excepts the real property of the Defendants from the taxation exemption.  Because the Maryland Transfer Tax is indisputably triggered by and incidental to Defendants' ownership of real property, the real property exception to exemption provides a separate and alternative basis for holding that Defendants are not exempt from, and owe, the taxes levied by Maryland Transfer Taxes.

Moreover, Defendants' claimed exemption from the Maryland Transfer Taxes is an unconstitutional interference with the right of state and local governments to tax private corporations.

---

Freddie Mac's charter is substantially identical and states: "The Corporation, including its franchise, activities, capital, reserves, surplus, and income, shall be exempt from all taxation now or hereafter imposed by any territory, dependency, or possession of the United States or by any State, county, municipality, or local taxing authority, except that any real property of the Corporation shall be subject to State, territorial, county, municipal, or local taxation to the same extent according to its value as other real property is taxed." 12 U.S.C. § 1452(e)

30.

Thus, no valid exemption from the Maryland Transfer Taxes applies under state or federal law. Nevertheless, Defendants Fannie Mae and Freddie Mac have failed and refused to pay the Maryland Transfer Taxes as required by law. As a proximate result, Plaintiffs have been damaged. Among other things, Plaintiffs are entitled to the full Maryland Transfer Taxes that should have been paid for each and every written instrument to which any Defendant was a party that conveyed title to, or an interest, in real property within the applicable statutory period, and statutory interest for failure to pay the Maryland Transfer Taxes pursuant to Maryland statute and law.

31.

The claim by Defendants Fannie Mae and Freddie Mac that they are exempt from the Maryland Transfer Taxes was either negligent, intentional or intended to defraud and Plaintiffs are entitled to the penalties prescribed by Maryland statute and law.

32.

Defendant FHFA is the Conservator of Defendants Fannie Mae and Freddie Mac pursuant to the Housing and Recovery Act of 2008 ("HERA"), 12 U.S.C. §§ 4501 et seq. Under HERA, FHFA succeeded to all of Fannie Mae's and Freddie Mac's rights, titles, powers and privileges, and assumed the private status of those

entities, not the reverse. 12 U.S.C. 4617(b)(2)(A). As Conservator, FHFA stepped into the shoes of Fannie Mae and Freddie Mac and, to the extent that Defendant FHFA is responsible for the acts of Defendants Fannie Mae and Freddie Mac, Plaintiffs seek judgment against Defendant FHFA.

## **FIRST CLAIM FOR RELIEF: DECLARATORY JUDGMENT**

33.

Plaintiffs hereby re-allege and incorporate each preceding and succeeding paragraph as though fully set forth herein.

34.

There is an actual controversy between Plaintiff and the proposed Class on the one hand, and Defendants on the other, in that Defendants continue to claim that they are exempt from the obligation to pay the Maryland Transfer Taxes and Plaintiffs assert Defendants are not exempt.

35.

It is in the public interest to have the rights of the parties with regards to the payment of the Maryland Transfer Taxes determined because the declaratory judgment will terminate and afford relief from uncertainty, insecurity and controversy giving rise to this proceeding.

36.

Pursuant to 28 U.S.C. § 2201, Plaintiffs seek to obtain a non-pecuniary benefit for the Plaintiffs and the proposed Class in the form of a declaratory judgment that the Defendants are not exempt from payment of the Maryland Transfer Taxes under state and/or federal law.  Counsel for Plaintiffs and the proposed Class are entitled to recover their reasonable attorneys' fees and expenses as a result of the conferral of a non-pecuniary benefit on behalf of the proposed Class, and will seek an award of such fees and expenses at the appropriate time.

37.

Plaintiffs and the proposed Class are also entitled to further relief under 28 U.S.C. § 2202, including payment to them of the Maryland Transfer Taxes not paid by Defendants, together with any statutory penalties and interest.  Such relief is necessary and proper to the declaratory relief sought.

38.

All conditions precedent to this cause of action have occurred, have been satisfied, or have been waived.

### **SECOND CLAIM FOR RELIEF: NON-PAYMENT OF TRANSFER TAXES DUE**

39.

Plaintiffs hereby re-allege and incorporate each preceding and succeeding paragraph as though fully set forth herein.

40.

Defendants Fannie Mae and Freddie Mac have been party to thousands of real estate transactions in which title has been transferred in Maryland counties, such as the named Plaintiff herein, and have not paid the required Maryland Transfer Taxes.

41.

Defendants have claimed several exemptions under state and federal law, but none of those exemptions apply.

42.

Defendants Fannie Mae and Freddie Mac have failed and refused to pay the Maryland Transfer Taxes as required by Maryland law. As a proximate result, Plaintiffs and the Class have been damaged. Among other things, Plaintiffs and the Class are entitled to payment of all Maryland Transfer Taxes that should have been paid, and interest and penalties for failure to pay the Maryland Transfer Taxes pursuant to Maryland law. The amount of all Maryland Transfer Taxes that should have been paid plus the interest and penalties for failure to paid said taxes exceeds $75,000.00.

43.

The claim by Defendants Fannie Mae and Freddie Mac that they are exempt from the Maryland Transfer Taxes was negligent, intentional, wanton, and/or intended to defraud the Plaintiffs and the Class, and Plaintiffs and the Class are

entitled to any penalties and interest as prescribed under Maryland law.

WHEREFORE, Plaintiffs, on behalf of themselves and the absent class members, request the following relief, and pray for the following judgment in favor of Plaintiffs and the class against Defendants:

1. For a judgment declaring that Defendants are subject to the Maryland Transfer Taxes;

2. For an order certifying this case as a class action against Defendants and appointing the named Plaintiff and the undersigned counsel as Representative of the class and counsel for the class, respectively;

3. For judgment against Defendants and in favor of Plaintiffs on all claims asserted in this Complaint;

4. For an award to Plaintiffs of damages in an amount that exceeds $75,000.00 and to be determined by the trier of fact;

5. For an award to Plaintiffs of statutory interest and penalties;

6. For an award to Plaintiffs of their costs, prejudgment interest and attorney fees; and

7. For such other relief as is just and proper.

**Plaintiffs hereby demand a trial by jury on all issues**.

Respectfully submitted this 7th day of January, 2013

/s/ Bruce M. Plaxen
Bruce M. Plaxen
Federal Bar No. 05378
**Plaxen & Adler, P.A.**
10632 Little Patuxent Parkway #420
Columbia, MD 21044
Ph: 410-730-7737
Fx: 410-730-1615
bplaxen@plaxenadler.com

/s/ Andrew Bederman
Andrew Bederman
Federal Bar No. 01858
**Greenberg & Bederman**
1111 Bonifant Street
Silver Spring, Maryland 20910
Ph: 301-589-2200
Fx: 301-589-6706
abederman@gblawyers.com

Marc P. Hansen
County Attorney, Montgomery County
101 Monroe St., 3rd Floor
Executive Office Building
Rockville, MD 20850
Ph: (240) 777-6700
Fx: (240) 777-6705
marc.hansen@montgomerycountymd.gov

Of Counsel:
Don Springmeyer (pro hac to be applied for)
Jonathan H. Waller (pro hac to be applied for)
**Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP**
3556 E. Russell Road, 2nd Floor
Las Vegas, NV 89120
Tel: (702) 341-5200
Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
jwaller@wrslawyers.com

Of Counsel:
Timothy J. Becker (pro hac to be applied for)
**Johnson Becker, PLLC**
33 South Sixth Street, Suite 4530
Minneapolis, MN 55402
Ph: 612-436-1838
Fx: 612-436-1801
tbecker@johnsonbecker.com

Of Counsel:
John W. Crongeyer (pro hac to be applied for)
**Crongeyer Law Firm, P.C.**
2170 Defoor Hills Road
Atlanta, GA 30318
Ph: 404-873-4696
Fx: 404-872-3745
jwc@birdlawgroup.com

Of Counsel:
William Q. Bird (pro hac to be applied for)
**Bird Law Group**
2170 Defoor Hills Road
Atlanta, GA 30318
Ph: 404-873-4696
Fx: 404-872-3745
billbird@birdlawgroup.com

*Attorneys for Plaintiffs*